Filed: June 17, 2008

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 06-5207
(1:06-cr-00074-WDQ)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TAVON ROBINSON,

Defendant - Appellant.

O R D E R

The court amends its opinion filed June 12, 2008, as follows:

On page 2, line 7 -- the word "that" is corrected to read "than."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5207**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

TAVON ROBINSON,

              Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:06-cr-00074-WDQ)

Submitted: June 4, 2008         Decided: June 12, 2008

Before WILKINSON and KING, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Q. Butler, BUTLER LEGAL GROUP, PLLP, Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, Kwame J. Manley, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tavon Robinson pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute and possess with intent to distribute a mixture of cocaine, cocaine base, and heroin, in violation of 21 U.S.C. § 846 (2000). The district court then sentenced Robinson to 324 months' imprisonment. Robinson appealed, contending that the district court's findings that at least fifteen but not more than fifty kilograms of cocaine was reasonably foreseeable to him, and that he was a leader in the conspiracy, were clearly erroneous. Robinson also asserts that he received ineffective assistance of counsel.

We review the district court's calculation of the quantity of drugs attributable to Robinson for sentencing purposes for clear error.* See United States v. Tucker, 473 F.3d 556, 560 (4th Cir. 2007) (stating standard of review); United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). In calculating drug amounts, the court may consider any relevant information, provided that the information has sufficient indicia of reliability to support its accuracy. United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992). Because Robinson admitted to the drug quantities attributed to him under oath, we conclude that the district court

---

*Robinson also challenges whether the district court erred in failing to differentiate between cocaine and crack in determining the base offense level. However, there is no merit to this argument as the district court did not calculate Robinson's advisory guideline range based on crack.

properly adopted the probation officer's recommended calculation of drug quantity.

Next, the district court's determination of the defendant's role in the offense is also reviewed for clear error. United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002). A four-level adjustment for role in the offense is appropriate when "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(a). Robinson admitted under oath that he was an organizer and leader in this criminal activity that involved more than five participants. Accordingly, we conclude that the district court did not clearly err in determining that the enhancement based on Robinson's leadership role was warranted.

Finally, Robinson argues that counsel provided ineffective assistance of counsel by failing to object to the amount and kind of narcotics used to calculate his advisory guideline range. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C. § 2255 (2000) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective

assistance.  <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999); <u>King</u>, 119 F.3d at 295.  Our review of the record does not conclusively show that counsel was ineffective.  We therefore decline to consider Robinson's allegations of ineffective assistance of counsel, as he may raise them in a § 2255 motion.

Accordingly, we affirm Robinson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>